**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| **CHRISTINE MARTINDALE,** ) | |
| ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **CIVIL ACTION NO. 5:25-CV-396 (MTT)** |
| ) | |
| **DIGITAL TRENDS LLC d/b/a** ) | |
| **GROWTH LAB,** ) | |
| ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## ORDER

Defendant Digital Trends, LLC, doing business as Growth Lab (hereinafter, "Growth Lab"), has moved to compel some of Plaintiff Christine Martindale's claims to arbitration and to stay all proceedings until arbitration is complete. ECF 5. For the following reasons, Growth Lab's motion is **GRANTED**.

## I. BACKGROUND

On or around September 9, 2024, Martindale filed EEOC Charge No. 410-2024-13336 and later amended it on January 7, 2025 (hereinafter, "First Amended Charge"). ECF 1 ¶¶ 14, 15; 5-3; 5-4. The First Amended Charge asserted claims for sex discrimination and retaliation. ECF 5-4 at 1. On January 17, 2025, Martindale entered into an employment agreement with Growth Lab, which included a binding arbitration clause requiring that any legal claims arising out of Martindale's employment be submitted to arbitration, with a carveout for "claims that [Martindale] has asserted against [Growth Lab] in her EEOC charge (Charge No. 410-2024-13336)." ECF 1 ¶ 49;

5-2 at 5. Five months after signing the arbitration agreement, on June 11, 2025, Martindale filed a second amended charge, which the EEOC assigned a new number (hereinafter, "Second Amended Charge"). ECF 1 ¶ 16; 5-5 at 1. The Second Amended Charge added claims for pregnancy discrimination, retaliation, and failure to accommodate under the Pregnancy Discrimination Act of Title VII ("PDA") and the Pregnant Workers Fairness Act ("PWFA"). *Id.* Martindale filed suit in this Court on September 11, 2025, asserting claims for (1) sex discrimination in violation of Title VII; (2) pregnancy discrimination in violation of Title VII; (3) retaliation in violation of Title VII; (4) discrimination by failure to accommodate in violation of the PWFA; (5) retaliation in violation of the PWFA; (6) retaliation in violation of the PUMP for Nursing Mothers Act ("PUMP Act"). ECF 1 ¶¶ 78–114.[1]

## II. DISCUSSION

The parties agree that the carveout in the arbitration agreement applies to claims asserted in Martindale's First Amended Charge. ECF 5-1 at 9; ECF 13 at 7. The parties likewise agree that the First Amended Charge, at minimum, includes Martindale's sex discrimination claim under Title VII and part of her retaliation claim under Title VII. *Id.* In sum, the parties agree those claims are non-arbitrable. The parties disagree on whether the carveout also applies to claims asserted in Martindale's Second Amended Charge. Martindale asks the Court to find that the carveout applies to claims asserted in the Second Amended Charge so that she does not have to arbitrate those claims. ECF 13 at 7–9. Growth Lab asks the Court to find the carveout does not apply to claims

---

[1] Martindale's husband is also a former employee of Growth Lab. ECF 1 ¶¶ 28, 70. Her husband filed a demand for arbitration in October 2025, alleging retaliation in violation of Title VII, the PWFA, and the PUMP Act, based on his association with Martindale. ECF 5-7.

asserted in the Second Amended Charge, or, alternatively, to find that the question of whether the claims asserted in the Second Amended Charge are arbitrable is to be determined by an arbitrator. ECF 5-1 at 11–12.

## A. Arbitration

The employment agreement Martindale and Growth Lab entered into provides "any questions regarding the arbitrability of any claims shall be decided by the arbitrator, and not by a court." ECF 5-2 ¶ XI. The employment agreement also incorporates the American Arbitration Association's ("AAA") Employment Arbitration Rules, which require an arbitrator to decide whether an arbitration clause applies. *U.S. Nutraceuticals, LLC v. Cyanotech Corp.*, 769 F.3d 1308, 1311 (11th Cir. 2014); ECF 5-2 ¶ XI. The United States Supreme Court has stated that "[w]hen the parties' contract delegates the arbitrability question to an arbitrator, a court may not override the contract." *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 586 U.S. 63, 68 (2019). And the Federal Arbitration Act ("FAA") requires that arbitration agreements be enforced according to their terms, "save upon such grounds as exist at law or in equity for the revocation of any contract."[2] *Id.* at 67 (citing 9 U.S.C. § 2). Martindale does not assert any such grounds.

In her response brief, Martindale concedes that "should the Court conclude that there is a legitimate dispute regarding the scope of the Parties' arbitration agreement, [she] agrees with Growth Lab that the question of arbitrability must go to an arbitrator." ECF 13 at 9. The parties' briefing clearly demonstrates a dispute as to the arbitrability of claims asserted in the Second Amended Charge, and the employment agreement is

---

[2] The parties agree that the FAA applies to the arbitration agreement here. ECF 5-1 at 6; 13 at 6.

unambiguous that "questions regarding the arbitrability of any claims shall be decided by the arbitrator, and not by a court." ECF 5-2 ¶ XI. Accordingly, the Court delegates the question of whether the claims Martindale asserted in the Second Amended Charge are arbitrable to the arbitrator.

## B. Stay of Proceedings

Section 3 of the FAA dictates "a district court shall stay a pending suit 'upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration' under a valid arbitration agreement." *Klay v. All Defendants*, 389 F.3d 1191, 1203–04 (11th Cir. 2004) (citing 9 U.S.C. § 3). For the reasons already discussed, the question of whether claims asserted in the Second Amended Charge are arbitrable is referred to arbitration. Thus, the claims asserted in the Second Amended Charge must be stayed. *See id.* at 1204 ("For arbitrable issues, the language of Section 3 indicates that the stay is mandatory.") (citations omitted).

As to the non-arbitrable claims asserted in the First Amended Charge—Martindale's sex discrimination claim under Title VII and part of her retaliation claim under Title VII—the decision to stay the non-arbitrable claims is within the Court's discretion. *Id.* at 1204. "Courts generally refuse to stay proceedings of nonarbitrable claims when it is feasible to proceed with the litigation. Crucial to this determination is whether arbitrable claims predominate or whether the outcome of the nonarbitrable claims will depend upon the arbitrator's decision." *Id.* (internal citations omitted). Here, because the claims asserted in the Second Amended Charge must be arbitrated on the question of arbitrability, only one full claim and one partial claim remain non-arbitrable of the six claims asserted in Martindale's complaint. *See* ECF 1 ¶¶ 78–114. Thus, the

arbitrable claims predominate. Martindale counters that "[h]er claims for sex discrimination and retaliation under Title VII are the bedrock upon which most of her other claims are largely built, and the protected activity upon which the retaliation claims are based." ECF 13 at 12. While Martindale's point is that "the question of predominance is not simply a question of numbers," her argument implicitly concedes that the factual issues underlying the non-arbitrable claims are closely intertwined with the arbitrable claims. *Id.* This further supports a discretionary stay. *See Whisenhunt v. Ameracat, Inc.*, 731 F. Supp. 1279, 1298 (S.D. Ala. 2024) ("If the facts and claims underlying the arbitration and litigation significantly overlap, a discretionary stay pending arbitration is appropriate, even if the operative facts are not identical and the claims are not inherently inseparable.") (citation modified). Accordingly, all proceedings are **STAYED** pending resolution of the arbitrability question.

### III. CONCLUSION

Growth Lab's motion to compel arbitration and to stay all proceedings (ECF 5) is **GRANTED**.

**SO ORDERED**, this 12th day of March, 2026.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
